IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK ANTHONY BUTCHER,

    Petitioner,

v.

BRANDESHAWN HARRIS, WARDEN,
TRUMBULL CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-273
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner who is proceeding without the assistance of counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### I. BACKGROUND

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 1} This is a consolidated appeal from two Athens County Common Pleas Court judgments. In case number 15CA33, the jury found Mark Anthony Butcher, defendant below and appellant herein, guilty of (1) aggravated burglary, in violation of R.C. 2911.11(A)(1), and (2) trespass in a habitation, in violation of R.C. 2911.12(B). The trial court merged the two offenses and sentenced appellant to nine years in prison. The court additionally ordered appellant to serve a prison term consisting of the amount of time remaining on his postrelease control imposed in a prior criminal case and further ordered that the postrelease-control-prison-sanction sentence run consecutively to the sentence imposed for appellant's aggravated burglary conviction.
>
> {¶ 2} In case number 15CA34, the trial court revoked appellant's previously-imposed community control for two intimidation of a witness convictions and imposed consecutive, three-year prison terms for the two convictions. The court

ordered appellant to serve these two sentences consecutively to the sentences imposed for his aggravated burglary conviction and for his postrelease-control-prison-sanction.

{¶ 3} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ADMITTED IRRELEVANT AND PREJUDICIAL EVIDENCE, DENYING MR. BUTCHER HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL."

SECOND ASSIGNMENT OF ERROR:

"MR. BUTCHER'S SENTENCE FOR AGGRAVATED BURGLARY IS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED A JUDICIAL SANCTION SENTENCE ON MR. BUTCHER IN CASE NO. 15CR0049, WHEN HE WAS NOT PROPERLY NOTIFIED IN HIS SENTENCING ENTRY FOR CASE NO. 09R0211 [SIC] THAT ANY FUTURE JUDICIAL–SANCTION SENTENCE FOR VIOLATION OF POSTRELEASE CONTROL WOULD HAVE TO BE SERVED CONSECUTIVELY TO ANY NEW FELONY SENTENCE."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN VIOLATION OF MR. BUTCHER'S RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHEN IT IMPOSED CONSECUTIVE SENTENCES FOR VIOLATIONS OF SUPERVISION, PUNISHING MR. BUTCHER DOUBLY FOR THE SAME CONDUCT."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FAILED TO CALCULATE AND INCLUDE IN ITS SENTENCING ENTRY THE CORRECT NUMBER OF DAYS OF CREDIT MR. BUTCHER WAS ENTITLED TO UNDER R.C. 2967.191."

*State v. Butcher*, 4th Dist. Case No. 15CA33, 15CA34, 2017 WL 1507209, at *1 (Ohio Ct. App. April 12, 2017). On April 12, 2017, the appellate court sustained Petitioner's fifth assignment of

error and remanded Case Number 15CA33 to the trial court for the limited purpose of correcting the amount of jail time credit, but otherwise affirmed the judgment of the trial court. *Id.* On January 31, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Butcher*, 151 Ohio St.3d 1503 (Ohio 2018).

On March 13, 2017, Petitioner filed a post-conviction petition in the state trial court, asserting the denial of the effective assistance of trial counsel based on his attorney's failure to call witnesses, failure to object to surprise witnesses, and failure to file a motion to suppress. On April 5, 2017, the trial court denied the post-conviction petition. (ECF No. 9, PAGEID # 315, 323.) Petitioner apparently did not file an appeal. On January 14, 2019, Petitioner filed a Motion to Vacate Void Judgment in the state trial court, asserting that the trial court had improperly imposed community control sanctions consecutive to a prison term in his criminal case, No. 09CR0211. (PAGEID # 343.) On January 17, 2019, the trial court issued an Order reserving ruling on the motion pending a decision from the Ohio Supreme Court in *State v. Hitchcock*, 152 Ohio St.3d 1405. (PAGEID # 353.)

On January 24, 2019, Petitioner filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process because the trial court failed to notify him at sentencing that the commission of a new felony while on post-release control would permit imposition of a new prison sentence for violating the terms of community control, to be served consecutively with the sentence imposed on the new felony (claim one); and that the trial court violated the Double Jeopardy Clause by imposing separate sentences for his violation of the terms of his post-release and community control, where both violations were premised on the same new felony charge (claim two). It is Respondent's position that these claims are procedurally defaulted, non-cognizable, and without merit.

3

## II. STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the standards of the Antiterrorism and Effective Death Penalty Act ("the AEDPA") govern this case. The United States Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under the AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson,* 134 S.Ct. 513 (2013). The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405. 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id.* at 748-49. The burden of satisfying the AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

**A. Claim One**

In his first claim, Petitioner asserts that he was denied due process because the trial court failed to notify him at sentencing that, if he committed a new felony offense while subject to post-release control, he could be sentenced to a new prison term for violating the terms of his post-release control, and it could be imposed consecutively to any prison term on the new felony conviction. This claim does not provide a basis for relief.

5

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here. Thus, Petitioner's claim that the trial court violated Ohio law does not provide him a basis for relief. *See Brown v. Warden, Mansfield Corr. Inst.*, 492 F. App'x 533, 538 (6th Cir. 2012) (A writ of habeas corpus may only issue where the state court contravenes or unreasonably applies clearly established federal law as determined by the United States Supreme Court); 28 U.S.C. § 2254(d)(1).

The United States Supreme Court has not held that the Constitution imposes a requirement that a trial court advise a defendant of the ramifications of a violation of the terms of his post-release control at sentencing, and Petitioner offers no authority supporting a finding that his allegations raise an issue of federal constitutional magnitude.

Accordingly, Petitioner's first claim does not provide a basis for relief.

**B.   Claim Two**

In his second claim, Petitioner asserts that his sentence violates the Double Jeopardy Clause because the trial court imposed separate sentences for his violations of the terms of his

6

post-release control and community control, where both violations were premised on the same new felony offense. The state appellate court rejected this claim, reasoning as follows:

> [A]ppellant argues that the prison terms the trial court imposed for his community and postrelease control violations violate the Double Jeopardy Clause's prohibition against multiple punishment for the same offense. Appellant claims that the same act (his new felony conviction) formed the basis for both his community and postrelease control violations and that the Double Jeopardy Clause thus prohibits multiple punishments for those violations.
>
> {¶ 99} The double jeopardy protections contained in the United States and Ohio Constitutions prohibit the government from placing a person twice in jeopardy for the same offense. United States Constitution, Fifth Amendment (stating that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb"); Ohio Constitution, Article I, Section 10 ("No person shall be twice put in jeopardy for the same offense."); *see State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996) (explaining that double jeopardy "protections afforded by the two Double Jeopardy Clauses are coextensive"); accord State v. Anderson, —— Ohio St.3d ——, 2016–Ohio–5791, —— N.E.3d ——, ¶ 31. This means that when " 'a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.' " *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), quoting *In re Nielsen,* 131 U.S. 176, 188, 9 S.Ct. 672, 33 L.Ed.2d 119 (1889). Thus, the Double Jeopardy Clause " 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Brown*, 432 U.S. at 165, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
>
> {¶ 100} "[D]ouble jeopardy principles do not prohibit the imposition of every additional sanction that could be labeled 'punishment' in common parlance." *State v. Martello*, 97 *Ohio St.3d 398, 2002–Ohio–6661, 780 N.E.2d 250, ¶ 8, citing Hudson v. United States* (1997), 522 U.S. 93, 98–99, 118 S.Ct. 488, 139 L.Ed.2d 450, and *United States ex rel. Marcus v. Hess* (1943), 317 U.S. 537, 549, 63 S.Ct. 379, 87 L.Ed. 443. Instead, "double jeopardy principles protect 'only against the imposition of multiple criminal punishments for the same offense * * * and then only when such occurs in successive proceedings.'" *Id*., quoting Hudson, 522 U.S. at 99, 118 S.Ct. 488, 139 L.Ed.2d 450. Thus, a "threshold question" when examining an alleged double jeopardy violation "is whether the government's conduct involves criminal punishment." *State v. Williams*, 88 Ohio St.3d 513, 528, 728 N.E.2d 342 (2000).
>
> {¶ 101} A prison term imposed for violating postrelease control does not constitute "criminal punishment" for purposes of examining alleged double

jeopardy violations. *Martello* at syllabus; *see State v. McMullen*, 6 Ohio St.3d 244, 246–246, 452 N.E.2d 1292 (1983) (determining that sentence imposed for probation violation does not violate double jeopardy principles). Rather, as the Martello court explained:

"'post-release control is part of the original judicially imposed sentence.' Therefore, jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of postrelease control. Such a term of incarceration is attributable to the original sentence and is not a 'criminal punishment' for Double Jeopardy Clause purposes that precludes criminal prosecution for the actions that constituted a violation of the postrelease control conditions."

*Id*. at ¶ 26; *accord State v. Dunne,* 8th Dist. Cuyahoga No. 100460, 2014–Ohio–3323, 2014 WL 3778311; *State v. Rayburn*, 4th Dist. Jackson No. 09CA6, 2010–Ohio–5693, 2010 WL 4792440.

{¶ 102} Likewise, sanctions imposed for violating community control do not constitute "criminal punishment" for purposes of double jeopardy analysis. *State v. Black*, 2nd Dist. Montgomery No. 24005, 2011–Ohio–1273, ¶ 13; *State v. Peters*, 8th Dist. Cuyahoga No. 92791, 2009–Ohio–5836, 2009 WL 3681639, ¶ 14, quoting *State v. Seeman*, 6th Dist. Lucas No. 98–1176 (Mar. 19, 1999), quoting *United States v. Miller*, 797 F.2d 336, 340 (C.A.6, 1986) (stating that " ' "a finding that a defendant violated the terms and conditions of community control is not the equivalent of a criminal prosecution in that it does not result in a conviction, nor does it constitute punishment" ' "); *State v. Myers*, 5th Dist. Richland No. 2003CA0062, 2004–Ohio–3715, 2004 WL 1567767, ¶ 23 (determining that community control violation "is not a second penalty for a new offense, but rather the original sentence * * * being now imposed"); see generally *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (stating that "the revocation of parole is not part of a criminal prosecution"). Instead, a prison term imposed for violating community control "is a 'continuing consequence of the original conviction.'" *State v. Black*, 2nd Dist. Montgomery No. 24005, 2011–Ohio–1273, ¶ 13, quoting *State v. Wellbaum*, 2nd Dist. Champaign No. 2000–CA–5 (Sept. 1, 2000).

{¶ 103} In the case sub judice, neither sanction the court imposed for appellant's community and postrelease control violations constitutes "criminal punishment" for purposes of double jeopardy analysis. Instead, the sanctions were a continuation of the original sentences imposed in the prior criminal matter. The imposition of a prison term for appellant's community control violation was a continuation of the sentence the court originally imposed for appellant's intimidation convictions. The imposition of a prison term for appellant's postrelease control violation was a continuation of the sentence that the court originally imposed for appellant's kidnapping, abduction, and felonious assault convictions. Thus, because neither sanction that the court imposed for the

community and postrelease control violations constitutes "criminal punishment," the double jeopardy protections are inapplicable. We therefore reject appellant's argument that imposing prison sentences for the community and postrelease control violations subjected him to multiple criminal punishments for the same offense.

{¶ 104} Accordingly, based upon the foregoing reasons, we overrule appellant's [] assignment of error.

*State v. Butcher*, 2017 WL 1507209, at *19-21.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The traditional test for a double jeopardy claim is the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger*, the critical question is whether, in reality, the multiple charges constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.

However, "[w]here two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so." *Bates v. Crutchfield,* No. 1:15-cv-817, 2016 WL 7188569, at *5 (S.D. Ohio Dec. 12, 2016) (citing *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v.

9

*Johnson*, 467 U.S. 493, 499 (1984); *Garrett v. United States,* 471 U.S. 773, 779 (1985); *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)). Thus, "[e]ven if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013) (citing *Johnson*, 467 U.S. at 499 n. 8; *Hunter*, 459 U.S. at 368–69). "Specifically, '[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'" *Grable v. Turner*, No. 3:16-cv-273, 2016 WL 7439420, at *6 (S.D. Ohio Dec. 27, 2016) (quoting *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014)) (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Id*. (quoting *Volpe v. Trim*, 708 F.3d 688 (6th Cir. 2013)) (citing *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)).

Here, the state appellate court did not unreasonably apply or contravene federal law in rejecting Petitioner's claim premised upon the Double Jeopardy Clause. The Double Jeopardy Clause does not bar punishment based on a probation violation in addition to the punishment for a conviction on a new felony offense, because the "revocation of supervised release is not a new punishment as it is "'attributable to the original conviction.'" *Weaver v. Moore*, 2008 WL 697705, at *3 (S.D. Ohio Mar. 12, 2008) (citing *United States v. Flanory,* 45 F. App'x 452, 462 (6th Cir. 2002)). Further, "Supreme Court precedent aligns with Ohio law, as cited by the state appellate court, that proceedings regarding violations of supervised release do not implicate the Double Jeopardy Clause and bar subsequent prosecution for the same offense." *Dukles v. Chuvalas*, No. 1:15-cv-2164, 2017 WL 3447830, at *9 (N.D. Ohio July 5, 2017) (citing *Johnson v. United States*, 529 U.S. 694 (2000)).

> Parole revocation proceedings are neither part of, nor equivalent to, a criminal prosecution. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution."); *United States v. Dodson*, 25 F.3d 385, 388 (6th Cir. 1994) ("Revocation of probation is not part of a criminal prosecution."). Therefore, when post-release contro is revoked and a revocation sentence is imposed, the double jeopardy clause does not preclude a subsequent prosecution for the same conduct. *See United States v. Wheeler*, 330 F.3d 407, 413 n.7 (6th Cir. 2003) (quoting *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996); *see also United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995) ("[D]ouble jeopardy does not preclude prosecution for conduct which also serves as the basis for a parole or probation revocation."). Because [Petitioner's] revocation of post-release control and the imposition of a post-revocation sentence were not "criminal prosecutions," [he] cannot show that his subsequent criminal prosecution and sentence for the same conduct violated the double jeopardy clause of the Fifth and Fourteenth Amendments. *Gagnon,* 411 U.S. at 782, 93 S.Ct. 1756; *Dodson*, 25 F.3d at 388; *Wheele*r, 330 F.3d at 413 n.7; *Soto-Olivas*, 44 F.3d at 789.

*Turner v. Scott*, No. 1:17-cv-1070, 2019 WL 1318307, at *15 (N.D. Ohio Feb. 19, 2019) (footnote omitted).

Petitioner's second claim therefore lacks merit.

## IV. DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*_____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE